IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM VICTOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-366-SPB-KAP |
| ) | |
| SUPERINTENDENT M. OVERMYER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This *pro se* civil rights action was received by the Clerk of Court on November 26, 2018, ECF No. 1, and referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R") in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1), and the local rules of this Court. On January 18, 2019, the referral was transferred to U.S. Magistrate Judge Keith A. Pesto.

In his Second Amended Complaint (the operative pleading), Plaintiff alleges that eleven individuals employed by the Pennsylvania Department of Corrections and/or employed at SCI-Forest violated his federal constitutional rights. ECF No. 23. As described by Magistrate Judge Pesto, the gravamen of Plaintiff's complaint is that Plaintiff was placed in the RHU at SCI-Forest as retaliation for his prior grievances and lawsuits. While Judge Pesto construed Plaintiff's pleading as attempting to state a First Amendment retaliation claim under 42 U.S.C. §1983, the undersigned notes that Plaintiff also appears to be claiming due process violations, as well as "deliberate indifference to documented mental health diagnosis" by the Defendants, who allegedly "conspired to place [him] in solitary lockdown [in the] R.H.U.' [on] 3-21-18 . . ." ECF No. 22, ¶1.

1

On March 16, 2020, the Magistrate Judge filed an R&R recommending that the Second Amended Complaint be dismissed without further leave to amend.  ECF No. [23].  Plaintiff filed belated objections to the R&R on April 16, 2020.  ECF No. [25].

In his objections, Plaintiff outlines in great detail the history of misconduct and abuse he has allegedly endured while incarcerated at various state institutions other than SCI-Forest.  To the extent that Plaintiff has proffered any information pertaining to his time at SCI-Forest, that information fails to address or remedy the defects in his Second Amended Complaint – namely, his failure to allege (other than in the most conclusory terms) factual content that plausibly states a violation of his federal rights and each Defendant's personal involvement therein.  As best this Court can discern, Plaintiff appears to be basing his claims upon the Defendants' involvement in the Program Review Committee proceedings, which resulted in his placement on the RRL list, but nowhere in his objections does Plaintiff point to error in the Magistrate Judge's analysis that would warrant a modification or reversal of the Magistrate Judge's recommendations.

Accordingly, after *de novo* review of the operative complaint and other documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following Order is entered:

AND NOW, this 7th day of May, 2020, pursuant to the authority granted to this Court under 28 U.S.C. §1915(e)(2), IT IS ORDERED that the Second Amended Complaint shall be, and hereby is, DISMISSED with prejudice, and without further leave to amend.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge Keith A. Pesto, issued on March 16, 2020, ECF No. [23], shall be, and hereby is, adopted as the Opinion of this Court.

There being no further matters pending before the Court in the above-captioned case, the Clerk is directed to mark this civil action "CLOSED."

*/s/ Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge